N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

HECTOR HERNAN RAMIREZ-BRAVO

CRIMINAL ACTION FILE NO.

1:16-CR-340-ODE-JKL

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant Hector Hernan Ramirez-Bravo's Motion to Dismiss from Lack of Jurisdiction [Doc. 52] and Motion to Dismiss Indictment Based Upon *Ex Post Facto* Violation [Doc. 59].  For the reasons that follow, it is **RECOMMENDED** that Defendant's motions be **DENIED**.

## I.   FACTS

On September 21, 2016, a grand jury seated in the Northern District of Georgia returned a single-count indictment against Defendant, charging him with conspiracy to distribute at least five kilograms of cocaine, while knowing, intending, and having reasonable cause to believe that it would be unlawfully imported into the United States, all in violation of 21 U.S.C. §§ 959(a)(1), 959(a)(2), 959(c), 960(a)(3), 960(b)(l)(B)(ii), and 963.  [Doc. 1.]  On March 8, 2017, the government obtained a superseding indictment that changed the statutes

referenced in Count One to 21 U.S.C. §§ 959(a), 959(d), 960(a)(3), 960(b)(l)(B)(ii), and 963.[1]  [Doc. 6.]  The substance Count One remained unchanged.  [*Id.*]  Because the language of the superseding indictment matters for the Court's analysis, the entirety of Count One in the superseding indictment is reproduced below:

> From in or about October 2014, and continuing thereafter up to and including the date of this Indictment, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia, the Republic of Colombia, the Republic of Panama, the Republic of Guatemala, and elsewhere, the defendant,
>
> HECTOR HERNAN RAMIREZ-BRAVO, a.k.a. Troya
>
> and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to knowingly and intentionally distribute a controlled substance, knowing and intending and having reasonable cause to believe that such substance would be unlawfully imported into the United States, said conspiracy involving five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 959(a), 959(d), 960(a)(3), 960(b)(l)(B)(ii), and 963.

[*Id.* at 1.]

Defendant has moved to dismiss the superseding indictment due to lack of jurisdiction and because the charge against him violates the *ex post facto* clause of

---

[1] Replacing 21 U.S.C. §§ 959(a)(1), 959(a)(2), 959(c) with 21 U.S.C. §§959(a), 959(d).

2

the United States Constitution.  [Docs. 52, 59.]  The government has responded to each motion [Docs. 56 and 61], and Defendant has filed a reply in support of his motion to dismiss for lack of jurisdiction [Doc. 57].  The motions are now ripe for review.

## II.    STATUTORY OVERVIEW

To properly frame the issues raised in Defendant's motions, the Court begins with a brief summary of the statutes principally at issue in this case.  21 U.S.C. § 959 generally prohibits the possession, manufacture, or distribution of certain controlled substances for importation into the United States.  Before May 16, 2016, the statue prohibited the manufacture or distribution of certain controlled substances either intending or knowing that such substances would be imported into the United States.[2]  21 U.S.C. § 959(a) (2015).  Effective May 16, 2016, §

---

[2] The pre-May 16, 2016 version of § 959(a) provided as follows:

**(a) Manufacture or distribution for purpose of unlawful importation**

It shall be unlawful for any person to manufacture or distribute a controlled substance in schedule I or II or flunitrazepam or listed chemical--

(1) intending that such substance or chemical will be unlawfully imported into the United States or into waters

959(a) was amended to relax the knowledge/intent requirement to also make it an offense to manufacture or distribute certain controlled substances with "reasonable cause to believe" that the drugs would be unlawfully imported into the United States. *Id.* § 959(a) (2016). Thus, since May 16, 2016, § 959(a) has provided:

> It shall be unlawful for any person to manufacture or distribute a controlled substance in schedule I or II or flunitrazepam or a listed chemical intending, knowing, or having reasonable cause to believe that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States.

(*Id.*)

Section 959 was again amended, this time effective December 12, 2017. Before December 12, 2017, the statute contained a built-in venue provision, which provided in relevant part:

> Any person who violates this section shall be tried in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia.

----

> within a distance of 12 miles of the coast of the United States; or
>
> (2) knowing that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States.

4

21 U.S.C. § 959(c) (2016).  Effective December 12, 2017, the statute was amended to omit the foregoing venue provision.  *See* PL 115-91, 131 Stat 1283 (Dec. 12, 2017).

A separate statute, 21 U.S.C. § 963, makes conspiracy to violate § 959 unlawful.  Section 963 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 963.  Unlike § 959, § 963 has never contained a built-in venue provision.  In this case, Defendant is charged only with conspiracy to violate § 959—*i.e.*, a violation of § 963.

## III.   ANALYSIS

Turning to Defendant's motions, the Court first addresses the motion to dismiss for lack of jurisdiction and then turns to the motion to dismiss for violation of the *ex post facto* clause.

### A.      MOTION TO DISMISS FOR LACK OF JURISDICTION

#### 1.      The Parties' Arguments

Defendant contends that this Court—or at least any court in this district—"is without jurisdiction over this case" because there is no connection between the

5

charged conduct and this district.  [Doc. 52 at 1-2.]  Specifically, he argues that "jurisdiction" is appropriate under 21 U.S.C. § 959 only in the "District Court at the point of entry where the person enters the United States or in the United States District Court for the District of Columbia."  [*Id.* at 2.]  Defendant maintains that the Northern District of Georgia is not a "point of entry" where Defendant entered the United States because it is "unlikely" that he entered the United States in this district.  He additionally argues that since he is charged only with a conspiracy to violate § 959, the "general rules of jurisdiction apply" and, therefore, "this court is without jurisdiction over this case."  [*Id.*]

The government responds that Defendant's motion is better understood as a motion to dismiss for lack of venue rather than for lack of jurisdiction.  [Doc. 56 at 1.[3]]  The government points out that the superseding indictment alleges that the conspiracy involved the Northern District of Georgia, and proffers that coconspirators had distributors in Atlanta who were intent on distributing cocaine in the Northern District of Georgia.  [*Id.* at 2.]  The government argues that regardless of whether the specific venue provision of 21 U.S.C. § 959 or general

_____

[3] The government's brief is not paginated; the Court refers to the page numbers automatically generated by CM/ECF.

6

venue rules for criminal conspiracies applies, venue is proper in the Northern District of Georgia, presumably because the district where the airplane transporting Defendant landed was in the Northern District of Georgia.[4]  [*Id.* at 2-4.]

On reply, Defendant reiterates that, in his view, he can be prosecuted for a § 963 violation only in the district where he first entered the United States.  [Doc. 57 at 3.[5]]  He maintains that because he arrived on U.S. soil by airplane, it would have been impossible for him to have first entered the United States air space in the Northern District of Georgia because to get to this district he would have had to pass through at least one other federal district.  [*Id.* at 5.]  As to the government's contention that there were individuals associated with the conspiracy who intended to distribute cocaine in the Northern District of Georgia, Defendant argues that there is "nothing in the discovery [that] supports this tenuous connection."  [*Id.*]

---

[4] The government's argument in this regard is somewhat half-baked, as the government does not actually state in is response that the first district where Defendant's aircraft landed was the Northern District of Georgia.  The Court and Defendant understand, however, the government's position to be that Defendant was flown from Panama to the Bahamas, where the plane refueled, and then landed somewhere in the Northern District of Georgia.  [*See* Doc. 57 at 3.]

[5] Defendant's reply brief is not paginated; the Court refers to the page numbers automatically generated by CM/ECF.

## 2.    Discussion

As an initial matter, the Court agrees that Defendant raises an issue of venue, and not jurisdiction.  Turning to venue, Article III, section 2, clause 3 of the United States Constitution provides that:

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

U.S. Const. art. III, § 2, cl. 3.  The Sixth Amendment likewise provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury *of the State and district where the crime shall have been committed*."  U.S. Const. amend. VI (emphasis added).  This right to trial in the location of the offense is also codified in Federal Rule of Criminal Procedure 18, which states that a defendant is entitled to be prosecuted in "a district where the offense was committed."

Criminal conspiracies, like the one alleged in this case, frequently extend beyond the boundaries of a particular district, and, thus, the offense can be "committed" in several locations.  Since venue lies in any district in which the offense was committed, venue is generally proper in any district in which he conspiracy was formed or where an overt act was committed in furtherance of the

8

conspiracy. *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982) ("[W]here a criminal conspirator commits an act in one district which is intended to further a conspiracy by virtue of its effect in another district, the act has been committed in both districts and venue is properly laid in either."); *see also* 18 U.S.C. § 3237(a). Moreover, "the overt act in the location of the venue need not be alleged in the indictment, so long as evidence of the act is presented at trial and the defendant is given constitutionally sufficient notice of the charges against him." *United States v. Shoss*, 523 F. App'x 713, 715-16 (11th Cir. 2013); *see also United States v. Yonn*, 702 F.2d 1341, 1348 n.6 (11th Cir. 1983) ("[N]o averment of overt acts in a § 963 charge is required in this circuit." (citing *United States v. Marable*, 578 F.2d 151 (5th Cir. 1978) and *United States v. Anderson*, 651 F.2d 375 (5th Cir. 1981)). Thus, "venue is an essential element of the government's proof at trial." *United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010). "As with resolving other important elements contained in a charge, a jury must decide whether the venue was proper." *Id.* at 866.

While venue must ultimately be established by the jury, the sufficiency of the indictment is another matter. "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on

its face, is enough to call for trial of the charge on the merits." *Snipes*, 611 F.3d at 865 (quotation marks and citation omitted).  Thus, "[i]f a grand jury returns a facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for a jury's determination." *United States v. Ruiz-Murillo*, 736 F. App'x 812, 818 (11th Cir. 2018) (citing *Snipes*, 611 F.3d at 866-67).

The superseding indictment in this case alleges that the conspiracy with which Defendant is charged took place, at least in part, in the Northern District of Georgia.  [*See* Doc. 6 at 1.]  Taking this allegation as true, as the Court must, the government has alleged a nexus between the conspiracy and this district, and Defendant's pretrial challenge to venue must be denied.  *See United States v. Viskup*, No. 1:12-CR-263-ODE-JFK, 2013 WL 6858906, at *10 (N.D. Ga. Dec. 30, 2013) (holding that allegations that charged offenses occurred "in the Northern District of Georgia and elsewhere" was sufficient to allege venue in this district), *report and recommendation adopted at id.* at *1-5; *United States v. Williams*, No. 1:10-CR-150-TCB-AJB, 2010 WL 3488131, at *4 (N.D. Ga. Aug. 2, 2010) (same), *report and recommendation adopted*, 2010 WL 3488130 (N.D. Ga. Aug. 30, 2010); *see also United States v. Williams*, 589 F.2d 210, 212-13 (5th Cir. 1979)

(recognizing that venue for conspiracy to import marijuana in violation of 21 U.S.C. § 963 may be appropriate in district where overt act was committed).[6]

Though the Court's analysis ends there, given the advisory nature of this Report and Recommendation, the Court addresses Defendant's argument that venue is appropriate only in the district in which the aircraft transporting him to the United States first entered.  Defendant's argument rests on his assumption that the conspiracy charged in this case occurred entirely outside the jurisdiction of the

---

[6] Unsurprisingly, the parties dispute whether Defendant knew (or reasonably believed) that drugs were going to be imported into the United States.  The government proffers that wire intercepts of the conspiracy demonstrate that Defendant had arranged to have nearly 150 kilograms of cocaine placed on a ship in Guatemala (which was later seized); that coconspirators had previously imported methamphetamine to Atlanta for distribution; that some of the methamphetamine had been seized in Georgia, and that the coconspirators intended to distribute the 150 kilograms of cocaine in Atlanta.  [Doc. 56 at 2.]  Defendant counters that there is no evidence that he was aware that the cocaine was intended to be shipped to Atlanta.  [Doc. 57 at 5.]  These factual quibbles are for another day, as the question before the court is whether the operative indictment sufficiently alleges that the offense of conspiracy was committed in the Northern District of Georgia.  Of course, at the conclusion of the government's case in chief, Defendant may move for an acquittal if he believes that government failed to meet its burden of proving venue in this district.  Defendant is not entitled, however, to a pretrial determination of the sufficiency of the evidence.  *See Williams*, 2010 WL 3488131, at *4 (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992), and stating that "in ruling on Defendant's motion to dismiss, the Court cannot address Defendant's contentions that the Government is unable to prove venue, nor the Government's contrary argument that it can.").

11

United States.  Thus, in Defendants view, either § 959, which, as noted above, provides that venue is appropriate "in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia," or the "general rules of jurisdiction apply." [*See* Doc. 52.]  The Court addresses each in turn.

Turning first to the built-in venue provision of § 959(c), the Court readily concludes that that provision is inapplicable here because Defendant is not charged with a substantive violation of § 959.  He is instead charged only with conspiracy to violate § 959, which is a separate offense under § 963.  Section 963 does not contain a venue provision, and "[n]othing in the language of § 963 indicates that the two provisions must be read in conjunction with each other for venue purposes." *United States v. Cobar*, N. 05-451 (RCL), 2006 WL 3289267, at *3 (D.D.C. Nov. 9, 2006) (collecting cases recognizing that "a separate venue analysis must be conducted for charges of conspiracy and the underlying substantive offense"). Accordingly, the Court rejects Defendant's argument that the venue provision—of the pre-amendment version of—§ 959 has application here.

The Court next turns to what Defendant terms the "general rules of jurisdiction," which the Court presumes is a reference to 18 U.S.C. § 3238, the

statute that governs venue for offenses committed outside the jurisdiction of any particular district or state.  The statute provides in pertinent part that for "offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district" that venue lies in the district where the defendant "is arrested or is first brought."  18 U.S.C. § 3238.  Since Defendant was arrested outside the United States, the issue is whether he was "first brought" to the Northern District of Georgia, or instead to the district in which the aircraft transporting him to the United States first entered.

This question is answered by First Circuit's decision in *Chandler v. United States*, 171 F.2d 921 (1st Cir. 1948).  In that case, the defendant was indicted in the District of Columbia for treason, based upon his radio broadcasting activities on behalf of Nazi Germany during World War II.  After he was taken into custody in Europe, he was flown back to the United States, the ultimate destination being Washington, D.C., for arraignment on the indictment.  *Id.* at 927.  The aircraft first entered United States airspace first over Maine, and due to mechanical difficulties, made its first—and unscheduled—landing in Massachusetts.  The defendant was transferred to another aircraft and flown on to Washington, where he was arraigned later that day on the indictment.  Around two weeks later, he was indicted in the

13

District of Massachusetts for treason arising out of the same activities. *Id.* at 927-28. He was ultimately tried there, convicted, and sentenced to life in prison. *Id.* at 924, 927-28.

On appeal, the defendant argued, among other things, that the District of Massachusetts was not the proper venue under 18 U.S.C. § 3238 because the district to which he was "first brought" was either the District of Columbia (his intended destination) or in Maine (the first district over which he flew). *Chandler*, 171 F.2d at 932-33. The First Circuit rejected both arguments, holding that the district where he was "first brought" was the district in which he first landed while in custody—Massachusetts. *Id.* at 933. Significantly for purposes of the case at bar, the First Circuit explained that Maine was not the jurisdiction where the defendant was "first brought" because "Congress could hardly have contemplated that flight across the air space of a particular district constituted bringing the accused into the district; therefore Maine was certainly not the proper district for this trial." *Id.* The court found persuasive analogous cases that held that defendants who travel through territorial waters without landing are not deemed to have been "first brought" to such a district unless they actually land in the district. *Id.*

14

The reasoning of *Chandler* dooms Defendant's argument.  Assuming, as the parties do, that Defendant was transported by air and first landed in the United States within the Northern District of Georgia, it is of no matter for purposes of venue that he flew over at least one other judicial district during his journey.[7]  For these reasons, therefore, the Court finds that even ignoring the facially valid allegation in the indictment—that the conspiracy occurred within the Northern District of Georgia—and assuming that the conspiracy occurred entirely outside the jurisdiction of the United States, Defendant's motion is still due to be denied.

For these reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss from Lack of Jurisdiction [Doc. 52] be **DENIED**.

---

[7] The only case Defendant cites in support of his argument, *United States v. Rojas*, 812 F.3d 382 (5th Cir. 2016), is distinguishable for two main reasons.  First, *Rojas* dealt with the construction of the venue provision of § 959, which as just discussed, is inapplicable here because Defendant is not charged with violating that statute.  Second, the issue in *Rojas* was whether Guantanamo Bay, Cuba (where the defendants' aircraft stopped for refueling before landing in the Eastern District of Texas) qualified as a "point of entry" to a judicial district under § 959, such that venue was proper in Guantanamo Bay rather than in the Eastern District of Texas. *Id.* at 395.  The court held that Guantanamo Bay was not a "point of entry" because it is not located within a judicial district, and that the Eastern District of Texas was the point of entry under § 959 because it was the district where the defendants first entered.  *Id.  Rojas*, therefore, did not address the argument that Defendant advances here—that is, that the airspace of a district in which a defendant does not land qualifies a "point of entry" for purposes of § 959.

15

### B.   MOTION TO DISMISS BASED UPON *EX POST FACTO* VIOLATION

#### 1.   The Parties' Arguments

Defendant next moves to dismiss the indictment on the grounds that he has been charged with conduct that was not prohibited at the time of the alleged offense, in violation of the *ex post facto* clause of the United States Constitution. [Doc. 59 at 1.]   Specifically, Defendant points out that he is charged with conspiracy to violate 21 U.S.C. § 959 by conspiring to "knowingly and intentionally distribute a controlled substance, knowing and intending ***and having reasonable cause to believe*** that such substance would be unlawfully imported into the United States." [Doc. 6 at 1 (emphasis added).]   Defendant contends that the cocaine referenced in the superseding indictment were seized by Guatemalan authorities on November 4, 2014, and that there are no allegations or discovery to suggest that Defendant or any coconspirators engaged in any illegal activity after November 4, 2014. [*Id.* at 1-2.]   As discussed above, the version of § 959 in effect at that time required the government to prove a defendant intended or knew that drugs would be illegally imported into the United States.   Because it was not until May 16, 2016, that the statute was amended to provide that it was ***also*** a violation of the statute where the defendant had "a reasonable cause to believe" the drugs

16

would be imported into the United States, Defendant maintains that the superseding indictment—which includes the language of the amended statute, and charges conduct that was not illegal in 2014—should be dismissed due to an *ex post facto* violation.  [*Id.* at 2-3.]

The government responds that the evidence will show at trial that contrary to Defendant's argument, the conspiracy continued past the effective date of the amendment to § 959.  [Doc. 61 at 1-2.]  And since the conspiracy continued after the effective date of the statute, there is no *ex post facto* clause violation.  [*Id.* at 3-6.]  The government additionally submits that if Defendant ultimately puts on sufficient evidence on his withdrawal from the conspiracy prior to the amendment date, a special verdict form should be used to determine if the government established that the conspiracy in fact continued past May 16, 2016.  [*Id.* at 6-7.]

### 2.    Discussion

The *ex post facto* clause of the United States Constitution "prohibits the enactment of statutes that punish as a crime an act previously committed which was innocent when done."  *United States v. Hersh*, 297 F.3d 1233, 1244 (11th Cir.

2002).[8]  "The ex post facto clause is not violated, however, when a defendant is charged with a conspiracy that continues after the effective date of the statute."  *Id.*; *see also United States v. Terzado-Madruga*, 897 F.2d 1099, 1124 (11th Cir. 1990) ("Since conspiracy is a continuous crime, a statute increasing the penalty for a conspiracy beginning before the date of enactment but continuing afterwards does not violate the *ex post facto* clause.").

Here, the superseding indictment alleges that the conspiracy straddled the amendment to 21 U.S.C. § 959.   Specifically, it alleges that the conspiracy continued from October 2014 "up to and including the date of this Indictment"— *i.e.*, March 8, 2017.  [Doc. 41.]  As discussed above, prior to May 16, 2016, § 959(a) made it an offense to manufacture or distribute certain controlled substances either intending or knowing that such substances would be imported into the United States.  Then, effective May 16, 2016, the statute was amended also prohibit the manufacture or distribution of certain controlled substances with "reasonable cause to believe" that drugs would be unlawfully imported into the United States.

---

[8] U.S. Const. Art. 1, § 9, cl. 3 provides:  "No Bill of Attainder or ex post facto Law shall be passed."

Similar to his motion to dismiss for lack of venue, Defendant's argument is akin to a motion for summary judgment, and is inappropriate by pre-trial motion in a criminal case. Defendant proffers that he did not participate in the conspiracy after November 4, 2014, and that "discovery, affidavits and pleadings" do not suggest that any alleged coconspirators engaged in illegal activity after that date either. [Doc. 59 at 1-2.] But at this juncture, the Court's analysis is limited to the face of the superseding indictment, which clearly alleges that the conspiracy continued for over a year after the effective date of the amendment to § 959. *See United States v. Wells Fargo Armored Serv. Corp.*, 587 F.2d 782, 783 (5th Cir. 1979) (rejecting defendant's argument that conspiracy charge violated *ex post facto* clause where indictment purported to charge a felony without alleging that overt acts occurred during period after which the underlying offense was made a felony); *United States v. Campbell Hardware, Inc.* 470 F. Supp. 430, 435 (N.D. Ga. 1979) (denying motion to dismiss based on *ex post facto* violation where indictment alleged activity beginning before and continuing "until at least October 1977," after the effective date of the statute criminalizing the activity). Since conspiracy is a continuing offense, the amendment to the substantive offense does not create an *ex post facto* problem that warrants dismissal. Of course, if at trial the government

19

fails to prove that the conspiracy continued past the effective date of the amendment to § 959(a), Defendant may file an appropriate motion at the close of the government's case in chief.  Likewise, if Defendant presents sufficient evidence that he withdrew from the alleged conspiracy before § 959 was amended, then Defendant can request an appropriate instruction or seek to use a special verdict form.  Pretrial dismissal of the superseding indictment, however, is not appropriate.

For these reasons, then, it is **RECOMMENDED** that Defendant's Motion to Dismiss Indictment Based Upon *Ex Post Facto* Violation [Doc. 59] be **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss from Lack of Jurisdiction [Doc. 52] and Motion to Dismiss Indictment Based Upon *Ex Post Facto* Violation [Doc. 59] be **DENIED**.[9]

---

[9] Discovery in this case is ongoing, as it includes voluminous materials received from other countries pursuant to MLAT requests that require translation into English.  The Court has ordered the government to complete its production of all MLAT materials no later than August 5, 2019.  [*See* Doc. 58.]  At this time, then, the case is not ready to be certified for trial.

20

IT IS SO RECOMMENDED this 2nd day of August, 2019.

_____

JOHN K. LARKINS III
United States Magistrate Judge

21