FILED IN CHAMBERS
U.S.D.C. - Atlanta

NOV 21 2019

James H. Hatten, Clerk
By HMCarul Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

HECTOR HERNAN RAMIREZ-BRAVO

CRIMINAL CASE NO.

1:16-CR-340-ODE-JKL

## ORDER

This criminal case is before the Court on Defendant Hector Hernan Ramirez-Bravo's First Motion in Limine filed January 9, 2019 [Doc. 53] and the Non-Final Report and. Recommendation ("R&R") of United States Magistrate Judge John K. Larkins III filed August 2, 2019 [Doc. 64]. No objections have been filed to the R&R.[1] For the reasons provided below, the Court DENIES WITHOUT PREJUDICE Defendant's First Motion in Limine and ADOPTS the R&R as the opinion and order of the Court.

## I.   MOTION IN LIMINE

On September 21, 2016, a grand jury indicted Defendant, charging him with conspiracy to distribute at least five kilograms of cocaine while knowing, intending, and having reasonable cause to believe that it would be unlawfully imported into the United States [Doc. 1]. Defendant alleges that after his indictment, he participated in plea discussions on three occasions [Doc. 53 at 1]. Each time, DEA Agents allegedly questioned Defendant and took notes during the questioning [Doc.

---

[1] Defendant filed a Notice of No Objections to the Magistrate Judge's Non-Final Report and Recommendation on September 18, 2019 [Doc. 69].

53 at 1]. On January 9, 2019, Defendant filed his First Motion in Limine [Doc. 53] to limit the introduction or use of statements Defendant made during interviews in connection with plea negotiations under Federal Rule of Criminal Procedure 11 and Federal Rule of Evidence 410.

There exists "a strong presumption that the statements made during a plea colloquy are true." United States v. Chandler, 701 F. App'x 776, 778 (11th Cir. 2017); see also United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."). Federal Rule of Criminal Procedure 11(f) provides that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f). Rule 410 states, in relevant part, that "any statement made in the course of any Rule 11 proceeding is not admissible against a defendant in a civil or criminal case." Chandler, 701 F. App'x at 778 (citing Fed. R. Evid. 410(a)(3)). Nor can a court admit statements made during plea negotiations "if the discussions did not result in a guilty plea or resulted in a later-withdrawn guilty plea." Id. (citing Fed. R. Evid. 410(a)(4)).

Defendant's motion is unopposed. However, Defendant has provided no information as to what statements he seeks to protect and the context in which they were given. Without this information, the Court is unable to discern whether the statements are protected by Rule 410. The Court therefore DENIES Defendant's First Motion in Limine [Doc. 53] without prejudice. The Court DIRECTS Defendant, should he desire to

refile the same motion, to include a statement precisely explaining the statements he seeks to protect and the context in which the statements were made.

## II. R&R

Defendant filed a Motion to Dismiss From Lack of Jurisdiction [Doc. 52] on January 9, 2019. Defendant argues that no court in this district has jurisdiction over his case because there is no connection between the charged conduct and this district [Doc. 52 at 1-2]. Defendant filed a Motion to Dismiss Indictment Based Upon Ex Post Facto Violation [Doc. 59] on March 5, 2019. Defendant argues that his indictment should be dismissed because he was charged with conduct that was not prohibited at the time of the alleged offense in violation of the *ex post facto* clause of the United States Constitution [Doc. 59 at 1]. After a thorough analysis, Judge Larkins recommends that Defendant's Motion to Dismiss From Lack of Jurisdiction and Motion to Dismiss Indictment Based Upon Ex Post Facto Violation be DENIED. The Court, having read and considered the R&R and noting the absence of any objections, ADOPTS the R&R as the opinion and order of the Court. For the reasons set forth in the R&R, Defendant's Motion to Dismiss From Lack of Jurisdiction [Doc. 52] and Motion to Dismiss Indictment Based Upon Ex Post Facto Violation [Doc. 59] are DENIED.

## III. CONCLUSION

For the reasons provided above, the Court DENIES WITHOUT PREJUDICE Defendant's First Motion in Limine [Doc. 53] and ADOPTS the R&R [Doc. 64] as the opinion and order of the Court.

SO ORDERED this _20_ day of November, 2019.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE